## BERSHANSKY v. EMPIRE MFG. CO.
### (No. 2420.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1921. Rehearing Denied June 2, 1921.)

Bills and notes ⚷⟿64—Check given in full settlement can be collected, though not accepted as full payment.

Where the buyer of goods sent his check for an amount he admitted to be due to the seller, the seller can enforce payment of the check without accepting it in full settlement as specified by the buyer, since the buyer is liable for that amount in any event, and his liability for the balance claimed by the seller can be determined in an action to recover the rest of the purchase price.

Appeal from Fannin County Court; A. P. Bolding, Judge.

Action by the Empire Manufacturing Company against Mike Bershansky. Judgment for plaintiff, and defendant appeals. Affirmed.

N. H. Rather, of Honey Grove, and Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

G. W. Wells, of Honey Grove, for appellee.

HODGES, J. The appellee sued the appellant in the justice court of precinct No. 5 of Fannin county for the recovery of $180, alleged to be a balance due as the purchase price of a bill of dry goods. The facts show that the goods were purchased by the appellant from the appellee through a local buyer acting as agent in the city of New York in August, 1919, for a sum in excess of $200. The merchandise consisted of three dozen silk shirts. When the goods arrived, they were inspected by the appellant, who then tendered his check for $180 in satisfaction of the entire account. The check was accompanied by a letter from appellant stating that it was tendered in full settlement of the debt, and if not so accepted it should be returned. Through subsequent correspondence

the appellee showed a disinclination to accept the check in full payment, but nevertheless retained it. When presented for payment the bank, acting under the direction of the appellant, refused to pay it. This suit resulted. The defense is that the check cannot be collected because the payee had not agreed to accept it in full satisfaction. The proposition is untenable. The court had a right to conclude from the evidence that the appellee owed the debt, and there is no reason why he should not pay it. Whether or not the check satisfied the entire debt will be a question to be determined should the appellee hereafter undertake to collect the residue of the original bill.

The remaining assignments of error are overruled, and the judgment is affirmed.